**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LORI COWEN, ROCHELLE IBARROLA, and AVA ADAMES, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. 1:17-cv-01530 |
| Plaintiffs, | ) ) | |
| | ) | Judge Robert W. Gettleman |
| v. | ) ) | |
| | ) | Magistrate Judge Young B. Kim |
| LENNY & LARRY'S, INC., | ) ) | |
| Defendant. | ) ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Lenny & Larry's, Inc. ("Defendant"), moves to dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to Rules 12(b)(1) and 12(b)(6), but nearly all of Defendant's arguments are issues that should be addressed at the class certification stage of this proceeding, with the benefit of a full and proper evidentiary record—not at the pleading stage.

Even if it were proper to analyze class certification in the context of a motion to dismiss, Defendant's Motion should be denied. Defendant contends, *inter alia*, that Plaintiffs will not be able to maintain a multi-state class and requests that all class claims should be dismissed or stricken. It is not enough, however, to simply identify variations of state law to combat class certification; a defendant must show how those variations preclude certification. Plaintiffs have alleged, and will demonstrate at the proper time, that the elements of Rule 23 can be satisfied using class-wide proof. Consumer fraud cases are routinely brought as class actions and have been regularly certified on behalf of multi-state classes. This case is no different.

1

Defendant also argues that Plaintiffs do not have standing to represent a class of consumers for substantially similar products that they did not individually purchase. But because the products at issue are similar in nature and contain nearly-identical misrepresentations, Plaintiffs have standing to represent a class of consumers who purchased similar Lenny & Larry's products. Finally, contrary to Defendant's argument otherwise, the FAC provides highly particularized allegations in support of the fraud-related claims, sufficiently establishing the who, what, where, when and how of the alleged fraud, thereby satisfying Rule 9(b)'s pleading requirements.

## I.  **BACKGROUND**

This class action case arises out of Defendant's mislabeling of its food product Lenny & Larry's The Complete Cookie (the "Product"). Lori Cowen, Rochelle Ibarrola and Ava Adames (the "Plaintiffs"), individually and on behalf of others similarly situated, allege that the Product's labels are false and misleading in violation of the federal Food, Drug, and Cosmetic Act and its implementing regulations (collectively, the "FDCA"). Plaintiffs assert claims for: (a) violations of certain states' consumer protection statutes (Count I); (b) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count II); (c) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count III); (d) breach of express warranty (Count IV); (e) breach of implied warranty (Count V); (f) negligent misrepresentation (Count VI); (g) intentional misrepresentation (Count VII); and (h) unjust enrichment (Count VIII).

Plaintiffs allege that Defendant has violated the FDCA and the Illinois Consumer Fraud Act (and other materially similar state laws) based on misleading labels which contain statements relating to: the actual amount of calories, carbohydrates, fat, protein and sugars; the percentage of daily value of these nutrients; and the sources and quality of the protein contained within the

Product. FAC ¶ 3. Defendant's Product labels make these false claims even though scientific lab results commissioned by Plaintiffs directly refute them. *Id*. at ¶¶ 18-23. Plaintiffs filed this lawsuit seeking vindication of their rights and those of the other class members who were misled by these misrepresentations contained on the Product's labels.

## II.    ARGUMENT

The Court has "broad discretion to determine whether certification of a class-cation lawsuit is appropriate." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 201)). The Seventh Circuit has recognized that "Rule 23 must be liberally interpreted. Its policy is to favor maintenance of class actions." *King v. Kansas City Southern Indus., Inc.*, 519 F.2d 20, 25-26 (7th Cir. 1975). Rule 23(c)(1)(A) provides a procedural mechanism that "empowers the court to decide at the pleading stage whether the suit will be permitted to proceed as a class action." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013). Although Rule 23(c)(1)(A) directs that the court determine at "an early practicable time . . . whether to certify the action as a class action[] . . . [m]ost often it will not be 'practicable' for the court to do that at the pleading stage[.]" *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (quoting *Hill*, 946 F. Supp. 2d at 829). "Courts generally address class certification at the pleading stage 'only when the class allegations are facially and inherently deficient.'" *Sullivan v. All Web Leads Inc.*, No. 17 C 1307, 2017 U.S. Dist. LEXIS 84232, at *23 (N.D. Ill. June 1, 2017) (quoting *Machowicz v. Kaspersky Lab, Inc.*, No. 14 C 1394, 2014 U.S. Dist. LEXIS 131499, at *15-16 (N.D. Ill. Sept. 19, 2014)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint rather than its merits. *Gleason v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.

1990). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The facts alleged need only 'state a claim to relief that is plausible on its face.'" *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs., Inc.*, 755 F.3d 882, 836 (7th Cir. 2014) (quoting *Twombly*, 550 U.S. at 570). In evaluating the sufficiency of a complaint, the court must view the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2010). Motions to strike under Rule 12(f) "are usually disfavored," and the moving party carries the burden. *In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-cv-5070, 2017 U.S. Dist. LEXIS 76207, at *24-25 (N.D. Ill. May 19, 2017).

### A. Defendant's motion to dismiss or strike prematurely seeks resolution of class certification issues at the pleading stage.

Regardless of how Defendant styles its motion,[1] it prematurely asks this Court to resolve class certification issues before Plaintiffs have even moved for certification. "Whether a plaintiff has fulfilled Rule 23 class action requirements [] is not an appropriate inquiry at the motion to dismiss stage." *Mednick v. Precor*, Case No. 14 C 3624, 2014 U.S. Dist. LEXIS 159687, at *18 (N.D. Ill. Nov. 13, 2014) (citation omitted). As long as a plaintiff has plausibly alleged the necessary elements under Rule 23, the "[d]etermination of whether plaintiff[] actually can establish the basis for class certification is premature[]" at the motion to dismiss stage. *Birchmeier v. Caribbean Cruise Line, Inc.*, Case No. 12 C 4069, 2012 U.S. Dist. LEXIS 182536, at *4-5 (N.D. Ill. Dec. 28, 2012). Indeed, courts around the country, including in the N.D. Ill.,

---

[1] Defendant cites Rule 12(b)(1), Rule 12(b)(6), Rule 12(f), Rule 23(c)(1)(A), and Rule 23(d)(1)(D) when arguing that Plaintiffs' claims on behalf of a National Class and/or Multi-State Class should be dismissed or stricken. Def. Br. at 19.

have routinely refused to dismiss or strike allegations of a nationwide class at the pleading stage.[2]

Most recently, in *Wagner v. General Nutrition Corp.*, No. 16-CV-10961, 2017 U.S. Dist. LEXIS 112106 (N.D. Ill. July 19, 2017), Judge St. Eve rejected many of the same arguments Defendant makes here. Much like Plaintiffs in the instant matter, the plaintiff in *Wagner* proposed the following: a national class; a consumer fraud multi-state class consisting of persons in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, and Washington; and an Illinois subclass. *Id.* at *7-8. Judge St. Eve recognized how courts generally address class certification at the pleading stage only when the class allegations are facially and inherently deficient. *Id.* at *10. The opinion then acknowledged how "it is premature to determine the propriety of class certification at the motion-to-dismiss stage . . . courts have denied similar motions before class discovery, the plaintiff's motion for certification, and the benefit of full briefing on the issue of class certification." *Id.* at *24-25.

Defendant points to purported conflicts—based on intent, reliance, statutes of limitation, notice, standing, and remedies—between the laws from the five states that form Plaintiffs' proposed consumer fraud multi-state class in order to argue that it fails. Doc. 35 ("Def. Br.") at 12-19. But this argument has been consistently rejected in this District. *See Rysewyk v. Sears Holdings Corp.*, No. 15 CV 4519, 2015 U.S. Dist. LEXIS 169124, at *25 (N.D. Ill. Dec. 18,

---

[2] *See, e.g., Toney v. Quality Res. Inc.*, 75 F. Supp. 3d 727, 739-40 (N.D. Ill. 2014) (rejecting defendants' arguments regarding suitability of class treatment as premature and denying motion to dismiss where complaint contained sufficient facts to support class allegations); *DeLuca v. NWS Warranty Corp.*, Case No. 11-3768, 2013 U.S. Dist. LEXIS 195881, at *12 (E.D. Pa. July 22, 2013) ("We thus find the motion to dismiss premature on the ground that [plaintiff] cannot sustain a class action, and we will consider the defendants' arguments if and when they oppose [plaintiff's] motion for class certification"); *Baas v. Dollar Tree Stores, Inc.*, Case No. C 07-03108 JSW, 2007 U.S. Dist. LEXIS 65979, at *8 (N.D. Cal. Aug. 29, 2007) ("Defendant's arguments regarding the propriety of the class allegations are premature. Accordingly, the Court denies Defendant's motion to strike or dismiss the class allegations at this procedural stage.").

2015) (denying a motion to strike class allegations and noting that while the "[p]laintiffs might not carry their burdens at class certification, . . . nothing in the complaint or defendants' explanation of the law persuades me that it is practicable to resolve the certification issue at this stage."); *Mednick*, 2014 U.S. Dist. LEXIS 159687, at *18-19 (explaining that even if material variations in state law existed applicable to a multi-state class, they "would not justify striking the class allegations") *Bietsch v. Sergeant's Pet Care Prods. Inc.*, No. 15 C 5432, 2016 U.S. Dist. LEXIS 32928, at *31-37 (N.D. Ill. Mar. 15, 2016 (declining to deny class certification in case alleging breach of warranty and fraud based on variations in state law).[3]

Although the defendant in *Wagner*, like Defendant here,[4] "point[ed] to some differences in state law, [defendant] does not show how those differences necessarily preclude class certification so that it is 'practicable to resolve the certification question at this stage.'" *Wagner*, 2017 U.S. Dist. LEXIS 112106, at *27 (quoting *Rysewyk*, 2015 U.S. Dist. LEXIS 169124, at *25). Indeed, the consumer protection statutes cited in the FAC all make unfair or deceptive trade practices unlawful, which is the basis of the claim and one of the common questions alleged here. FAC ¶¶ 52, 58-62. And Defendant's argument flies in the face of decisions from the Seventh Circuit that have upheld certification of consumer fraud classes involving multiple

---

[3] Defendant cites several cases in support of its argument but none of them warrant dismissal or the striking of Plaintiffs' class claims. Def. Br. at 4, 16. In *Cholly v. Uptain Grp., Inc.*, 2017 U.S. Dist. LEXIS 14449, at *9-11 (N.D. Ill. Feb. 1, 2017), this Court struck class allegations due to lack of typicality and predominance based on revocation of consent issues not present here. In *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 U.S. Dist. LEXIS 126643, at *8-9 (N.D. Ill. Nov. 30, 2010), this Court struck class claims because of conflicts and unique defenses pertaining to associate and manager employees not applicable here. *Liston v. King.com, Ltd.*, No. 15 CV 01853, 2017 U.S. Dist. LEXIS 77905, at **5, 24-25 (N.D. Ill. May 23, 2017) involved a multi-state class of all 50 states and D.C. rather than the limited number of states with similar statutes here, and the court merely stayed until a later time discovery on claims under the consumer laws of states where the plaintiff did not reside.

[4] Defendant also attaches to its brief an appendix that purportedly shows how the differences are material. Doc. 35-1. Nonetheless, like in *Rysewyk*, "[a]lthough defendant[] purport[s] to demonstrate these differences, all [it] actually do[es] is repeat in generic ways that the laws of different states are different." *Rysewyk*, 2015 U.S. Dist. LEXIS 169124, at *24. No controlling authority goes as far as saying a class action is per se unworkable merely because it is alleged to be nationwide and/or may involve the laws of many states. *Id.*

state laws. *See Saltzman v. Pella Corp.*, 257 F.R.D. 471, 487 (N.D. Ill. 2009) (certifying class action involving a consumer fraud class made up of persons in IL, CA, FL, MI, NJ, NY, and NC)*, aff'd*, 606 F.3d 391 (7th Cir. 2010); *see also Mullins v. Direct Dig.*, No. 13 CV 1829, 2014 U.S. Dist. LEXIS 155018, at *10 (N.D. Ill. Sept. 30, 2014) (certifying class action involving consumer protection laws in IL and nine other states), *aff'd*, 795 F.3d 654 (7th Cir. 2015).

Judge St. Eve also noted in *Wagner* how "even assuming there are material differences in applicable state law, it may be prudent to create subclasses based on similarities in various states' laws." 2017 U.S. Dist. LEXIS 112106, at *25-26. This is important, because Plaintiffs here have neither had a chance to conduct discovery nor analyze whether they should narrow or define the proposed classes in such a way *at the class certification stage* to make any differences between applicable laws immaterial. *See Toney*, 75 F. Supp. 3d at 739 (rejecting defendant's challenge to class allegations and holding that "[t]he court views [defendant's] presentation as an improper preemptive attack on the putative classes prior to class certification proceedings. The parties have not yet completed discovery, and the class allegations are not facially deficient.") (citations omitted); *see also Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 802 (7th Cir. 2013) (complications from differing state laws "can be handled by the creation of subclasses"); *Wagner*, 2017 U.S. Dist. LEXIS 112106, at *26 (citing *Butler* and stating "[g]iven that subclasses potentially could resolve problems arising from differences in state law, it is practical to wait until Plaintiff moves for class certification, proposes subclasses, and the parties provide in-depth analysis of the issues relevant to class certification.").

Just like in *Wagner* and other cases in this District, this Court should find that"[i]t is sensible to wait to conduct the relevant [class certification] analysis until the issues are fully briefed and the record is fully developed." *Id.* at *28. Because Defendant fails to show how any

purported differences in state laws preclude class certification at this early stage, this Court need not decide any choice-of-law issues right now.[5]  *See, Mednick*, 2014 U.S. Dist. LEXIS 159687, at *7 (recognizing that "'the choice-of-law issues in nationwide class actions . . . are rarely so uncomplicated that one can delineate clear winning and losing arguments at an early stage in the litigation.'") (quoting *Mirfasihi v. Fleet Mortgage Corp.*, 450 F.3d 745, 750 (7th Cir. 2006)).

> **B.  Defendant's motion prematurely seeks resolution of standing issues prior to the class certification stage.**

Similar to Defendant's premature class certification arguments, it also hastily seeks dismissal or the striking of Plaintiffs' National Class and Multi-State claims involving consumers outside of Illinois, Michigan, and Pennsylvania.  Def. Br. at 3, 12, 17-24.  But Defendant concedes that Plaintiffs have standing to pursue claims under their home states; therefore, Defendant's attack is not a genuine standing challenge.  Rather, Defendant conflates Article III with Rule 23's requirements, something the Seventh Circuit has cautioned against.  *See Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008) (discussing how the plaintiff did have standing and "whether he may serve as an adequate representative for others asserting such claims" is a separate question) (citations omitted).  Defendant's argument is simply another iteration of its attack on Plaintiffs' ability to certify a multi-state class, and its specious claim that the FAC "does not plausibly allege nor could it ever under any circumstances satisfy the required Rule 23

---

[5] Defendant argues that Plaintiffs' first claim for relief should be dismissed because Illinois, Michigan, and Pennsylvania laws control Plaintiffs' claims, if any.  Def. Br. at 10-12.  Yet, Defendant concedes that a choice-of-law analysis is only necessary when state laws conflict in a way that "will make a difference in the outcome."  Def. Br. at 12.  And Plaintiffs explicitly allege that that "[t]he States in the Consumer Fraud Multi-State Class are limited to those States with *similar* consumer fraud laws under the facts of this case."  FAC at 16, n. 11 (emphasis added).  This Court's decision in *Adkins v. Nestle Purina Petcare Co.*, 973 F. Supp. 2d 905, 914-15, 920 (N.D. Ill. 2013) (Def. Br. at 3-4, 10) does not dictate dismissal here, because the Court *denied* the motion to dismiss plaintiffs' common law and statutory fraud claims.  Even if this Court undertakes a choice-of-law analysis and applies the laws of Plaintiffs' home states, outright dismissal is not warranted, because the FAC brings other claims for relief, in the alternative to the First Claim for Relief, based on subclasses and the consumer protection statues in IL and PA.  FAC ¶¶ 63-87.

8

class elements" is categorically wrong under binding Seventh Circuit authority that affirmed certification of multi-state classes. *Saltzman*, 257 F.R.D. at 487*, aff'd*, 606 F.3d 391 (7th Cir. 2010); *Mullins*, 2014 U.S. Dist. LEXIS 155018, at *10, *aff'd*, 795 F.3d 654 (7th Cir. 2015).

Defendant cites in support of its argument several opinions issued *after* a motion for class certification (Def. Br. at 20-21), but this simply highlights why such issues should be decided at the class certification stage, not now. This is especially true where, as here, Plaintiffs' own standing is unchallenged.[6] *See In re Herbal Supplements*, 2017 U.S. Dist. LEXIS 76207, at *31 (discussing split of authority and finding "most persuasive the opinions that align with [the] [p]laintiffs' analysis") (citing *McDonnell v. Nature's Way Prod., LLC*, No. 16 C 5011, 2017 U.S. Dist. LEXIS 44875 (N.D. Ill. Mar. 28, 2017)); *In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2009 U.S. Dist. LEXIS 104114, at *23-25 (N.D. Ill. Nov. 5, 2009) (Gettleman, J.)). The Seventh Circuit in *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 535-36 (7th Cir. 2011) also supports Plaintiffs. In *Morrison*, the plaintiffs sued under an Illinois statute on behalf of a nationwide class, and defendant challenged the standing of class members from states other than Illinois. 649 F.3d at 535. The Seventh Circuit explained that there was "no problem with standing" because "[p]laintiffs have standing if they have been injured, the defendants cause that injury, and the injury can be redressed by a judicial decision." 649 F.3d at 536. Thus, "[n]othing more [was] required." *Id.*; *see In re Herbal Supplements*, 2017 U.S. Dist. LEXIS 76207, at *30-

---

[6] In *Tillman v. U.S. Energy Sav. Corp.*, No. 08 C 1641, 2008 U.S. Dist. LEXIS 53313, at *5-6 (N.D. Ill. July 14, 2008), also relied on by Defendant (Def. Br. at 18), the court recognized Plaintiffs' view that "'[a] court may defer consideration of Article III standing until after it rules on a motion to certify a class where 'class certification issues are ... logically antecedent to Article III concerns, and themselves pertain to statutory standing.'" (citations omitted).

33 (discussing *Morrison* and agreeing that defendants' standing concerns are "better left for the class-certification stage").[7]

### C. Defendant's other class-certification-related attacks fail.

Much like its argument with respect to Plaintiffs' multi-state consumer fraud class, Defendant takes issue with Plaintiffs' other claims brought under the National Class by pointing to purported differences—related to privity, reliance, and notice—between state laws. Def. Br. 19-24. In doing so, it again boldly claims that Plaintiffs' National and Multi-State Class claims are "impossible to ever maintain." *Id.* at 24. Nevertheless, as in *Rysewyk*, "[a]lthough defendant[] purport[s] to demonstrate these differences, all [it] actually do[es] is repeat in generic ways that the laws of different states are different." *Rysewyk*, 2015 U.S. Dist. LEXIS 169124, at *24. No controlling authority goes as far as saying a class action is per se unworkable merely because it is alleged to be nationwide and/or may involve the laws of many states. *Id.* Indeed, the court in *Wagner* addressed and rejected similar arguments Defendant makes here with respect to Plaintiffs' warranty and unjust enrichment claims. 2017 U.S. Dist. LEXIS 112106, at *25-28. In particular, Judge St. Eve noted how "subclasses may be appropriate" for breach of warranty claims and how some courts have certified multi-state classes in unjust enrichment cases. *Id.* at *28, n. 10.

At the class certification stage, Plaintiffs will provide in-depth analysis of the issues relevant to that stage of the proceeding and can propose additional subclasses to resolve any differences in state law. *Id.* at *26 (citing *Butler*, 727 F.3d at 802). This aligns with the reality that district courts have broad discretion under Rule 23 to "devise 'imaginative solutions' to

---

[7] *See also* McLaughlin on Class Actions § 4:28 & n.25 (11th ed. 2014) ("[M]ost courts have rejected standing challenges to named plaintiffs who plainly have standing as to their personal claims, but also purport to represent a class, for example, with claims under the consumer protection laws of states in which the named plaintiffs do not reside") (collecting cases).

resolve problems created by class actions." *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 888 (7th Cir. 2011) (quoting *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). For these reasons, Defendant's motion to dismiss or strike Plaintiffs' class claims should be denied. *Mednick*, 2014 U.S. Dist. LEXIS 159687, at *18-19 (denying motion to strike class allegations relating to breach of express warranty claims and holding that "[t]he Court will defer consideration of the impact of variations in state law until the class-certification stage"). *Bietsch*, 2016 U.S. Dist. LEXIS 32928, at *31-37 (rejecting argument that variations in state warranty laws preclude certification at pleading stage and holding that differences in state laws were insufficient to make multi-state class unmanageable).

### D. Plaintiffs have standing for claims regarding flavors they did not purchase.

Failing to describe how the flavors or representations at issue are different in nature, Defendant nevertheless argues that Plaintiffs lack standing to assert claims for substantially similar Lenny & Larry's cookie flavors that they did not purchase. Def. Br. at 3, 5-7. Despite acknowledging how case law on this issue is unsettled around the country and there exist three approaches to handling it—including addressing it at the class certification stage once the named Plaintiffs' standing is established (*see* Section B., *supra*)—Defendant argues most forcefully that this Court should follow a non-binding decision from outside this District. Def. Br. 5-7. Instead, this Court should follow the most recent authority from this District: *Wagner*. The *Wagner* court rejected the precise argument made by Defendant here after discussing at length *Mednick*, 2014 U.S. Dist. LEXIS 159687, at *7-11, which found plaintiffs' allegations sufficient to establish that nineteen different products were substantially and allowed plaintiffs to pursue claims related to all of them. 2017 U.S. Dist. LEXIS 112106, at *12-17. Both cases explain how the substantial similarity test frequently looks to whether the products are of the same kind, are composed

11

largely of the same ingredients, and whether the challenged products bear the same alleged mislabeling. *Id.* at *13-14. Like *Mednick*, the *Wagner* court concluded that the plaintiff "adequately alleged standing for claims based on all Products given that he has alleged the products are essentially materially the same." *See id.* at *16-17 (collecting cases concluding the same).

This Court should find the same based on allegations of similarity in the FAC. For example, Plaintiffs allege that Defendant markets and sells "The Complete Cookie" (the "Product") and uniformly advertises the Product as containing "Plant-Based Protein to Build Lean Muscle." FAC ¶ 1. The FAC acknowledges that the Complete Cookie has different flavor variations and two different sizes, but these should not be viewed as material differences, nor does Defendant argue as such.[8] Indeed, Defendant markets them all as "Vegan, Non-GMO, Kosher, and contain no soy, artificial sweeteners or sugar alcohols." FAC ¶ 1. It also markets the Product as "quality baked goods that not only taste great, but also contain healthy amounts of beneficial protein." *Id.* at ¶ 15. Defendant's website boasts: "Protein is what we're all about! We have spent years perfecting our unique blend of naturally occurring [sic] vegetable proteins …" and Defendant markets the Product under the slogan "Make protein fun and delicious." Defendant repeats these protein content claims on the Product labeling stating that there are "16g Protein per cookie". *Id.* at ¶ 16. These protein content claims are repeated in the Nutrition Facts section of the Product's label. *Id.* at ¶ 17. The crux of the FAC is that Defendant's labeling is false and deceptive regarding the Product's protein content and other key nutrients, including total calories, carbohydrates, fats and sugars. *Id.* at ¶¶ 18-47.

---

[8] The *Wagner* court also emphasized how the defendant there, as is the case here, failed to explain how any purported product differences are material. *Id.* at *16.

12

These facts are analogous to *Wagner*, in which the products at issue "have the same key ingredient . . . and all of [them] contain misrepresentations for the same reason: [they] do not have the benefits indicated on [their] labels. While [they] have some differences—for example, they come in different forms . . . and different doses . . . nothing in the complaint or the parties' briefs suggests that these differences are material." 2017 U.S. Dist. LEXIS 112106, at *15-16. Notably, the *Wagner* court distinguished *Padilla v. Costco Wholesale Corp.*, No. 11-cv-4686, 2012 U.S. Dist. LEXIS 87222 (N.D. Ill. June 21, 2012), relied upon by Defendant here (Def. Br. at 3, 6-7), because it did not conduct an analysis under the substantial similarity test.[9] Therefore, due to the substantial similarity between the different flavors of the Product, Plaintiffs have standing to assert claims for the flavors of Complete Cookie they did not purchase.

### E. Plaintiffs sufficiently pled fraud with particularity.

Defendant gives short shrift to its contention that the FAC fails to plead with sufficient particularity. Def. Br. at 4, 25. Indeed, it devotes barely one-half of a page to analysis.[10] Plaintiff's allegations more than adequately satisfy Rule 9(b)'s pleading requirements, because it is satisfied where a plaintiff "provides a general outline of the fraud scheme sufficient to reasonably notify the defendants of their purported role in the fraud[.]" *In re Rust-Oleum Restore Mktg., Sales Practices and Prods. Liab. Litig.*, 155 F. Supp. 3d 772, 812-13 (N.D. Ill. 2016) (citations omitted). Plaintiffs identify Defendant's representations concerning the

---

[9] Defendant's other cases are similarly distinguishable. Def. Br. at 5-7. *See Porter v. NBTY, Inc.*, No. 15 CV 11459, 2016 U.S. Dist. LEXIS 163352, at *8-10 (N.D. Ill. Nov. 28, 2016) (deciding the issue on Article III grounds rather than the substantial similarity test); *Kisting v. Gregg Appliances, Inc.*, No. 16-CV-141, 2016 U.S. Dist. LEXIS 139788, at *11-12 (E.D. Wis. Oct. 7, 2016) (same, in a case involving 70 different models of televisions); *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2013 U.S. Dist. LEXIS 7990, at *7-8 (N.D. Ill. Jan. 16, 2013) (merely following the court's previous June 21, 2012 decision on this issue).

[10] Defendant spends more time arguing that Plaintiffs' First Claim for Relief lacks specificity due to not listing particular statutory subsections and not detailing particular relationships to states or consumer fraud laws. Def. Br. at 7-10. However, Plaintiffs addressed the premature nature of that and similar arguments in Sections A-C, *supra*.

Products and labels, and reproduces the Product's label, including the Nutrition Facts section, for one of the flavors. FAC ¶¶ 1, 15-17. Plaintiffs then explain how those representations are misleading, namely, that they inflate the actual protein content of the Product and misrepresent other key nutrients. *Id.* at ¶¶ 18-47. Indeed, Plaintiffs specify the results of their tests of the Product and how that differs from the Product label. *Id.* at ¶¶ 18-23. Moreover, Plaintiffs each allege the flavors of the Product that they purchased and from where. *Id.* at ¶¶ 11-13.

In sum, Plaintiffs state that Defendant (the "who") made specific misrepresentations regarding the nature and quality of its Product on the Product's label (the "what" and "where"), which were relied upon by consumers in purchasing the Product during the class period and have been shown to be false (the "when" and "how"). Conspicuously, Defendant fails to contest the FAC's allegations related to misrepresentations involving the Product. Because Plaintiff's allegations are sufficiently specific as to provide Defendant with a general outline of how the alleged fraud scheme operated and of its purported role in the scheme, the requirements of Rule 9(b) are met. The *Wagner* court found as much. *See* 2017 U.S. Dist. LEXIS 112106, at *17-24 (finding sufficient plaintiff's allegations under Rules 8(a) and 9(b), because, *inter alia*, plaintiff "adequately alleges the falsity of the Products' representations" by including relevant labels in the complaint, alleging what the information on the labels means, and alleging how the information on the labels deceived him); *see also Mednick*, 2014 U.S. Dist. LEXIS 159687, at *11-12 (quoting *Ivanhoe Fin., Inc v. Highland Banc Corp.*, No. 03 C 7336, 2005 U.S. Dist. LEXIS 12886, at *9 (N.D. Ill. June 9, 2005)); *Leiner v. Johnson & Johnson Consumer Cos., Inc.*, 215 F. Supp. 3d 670, 673-74 (N.D. Ill. 2016) (holding ICFA claim adequately pled with particularity where "Plaintiff identifies (and indeed, attaches to her complaint) the labels she

claims contain false, deceptive, or misleading statements"); *In re Rust-Oleum*, 155 F. Supp. 3d at 812-13.[11]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's motion in its entirety.

Dated: July 28, 2017                    Respectfully submitted,

By:   */s/ Nick Suciu III*

Edward A. Wallace
Adam Prom
**WEXLER WALLACE LLP**
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
T      312.246.2222
F      312.346.0022
eaw@wexlerwallace.com
ap@wexlerwallace.com

Nick Suciu III
**BARBAT, MANSOUR & SUCIU PLLC**
1644 Bracken Road
Bloomfield Hills, Michigan 48302
T      313.303.3472
nicksuciu@bmslawyers.com

Steven Wasserman (*Pro Hac Vice*)
Kathryn S. Marshall (*Pro Hac Vice*)
Karin R. Leavitt (*Pro Hac Vice*)
**WASSERMAN LAW GROUP**
5567 Reseda Blvd., Suite 330
Tarzana, CA 91356
T      818.705.6800
F      818.705.8634
skw@wassermanlawgroup.com
ksm@wassermanlawgroup.com
krl@wessermanlawgroup.com

***Counsel for Plaintiffs and the Putative Classes***

---

[11] Should the Court find any of the FAC's allegations lacking, Plaintiffs request that they be allowed the opportunity to re-plead and cure any deficiencies.  Fed. R. Civ. P. 15(a)(2).

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed using this Court's CM/ECF service, which will send notification of such filing to all counsel of record this 28th day of July 2017.

/s/ Nick Suciu III
Nick Suciu III