UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI COWEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LENNY & LARRY'S, INC., <br><br> Defendant. <br><br><br> THEODORE H. FRANK, <br><br> Objector. | Case No. 1:17-cv-01530 <br><br> Judge Robert W. Gettleman |

**OBJECTOR THEODORE H. FRANK'S RESPONSE TO
PARTIES' AMENDED SETTLEMENT AGREEMENT**

Objector Frank filed his Objection to the originally-proposed settlement on January 28, 2019, and the revised settlement (Dkt. 110-2) resolves all of Frank's original objections. Frank does not object to the new revised settlement agreement.

Frank had urged the court to reject the originally-proposed settlement for several reasons:

- The objection deadline preceded the fee motion deadline (Dkt. 98 at 3);
- Would-be objectors could not possibly learn the claims rate (*id.* at 4);
- The attorneys' fee request improperly credited counsel for administrative costs and "free cookie" retail value, which diverted *cy pres* recovery to third parties, in violation of *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) (*id.* at 7-8); and

1

- The attorneys' fee request included clear sailing and kicker provisions—that is, any reduction in the unopposed attorneys' fee request would revert to defendant (*id.* at 10).

One week after Frank filed his objection, Plaintiffs filed a now-superseded motion and memorandum in support of an attorneys' fee award of $1.1 million based on an alleged total settlement value of $5 million. Dkt. 101 at 5. The superseded fee memorandum did not suggest that the settling parties planned to amend their agreement and in fact confirmed objectionable features Frank had identified. *See id.* at 1 n.3 (confirming that cash benefit under the settlement were strictly capped at $350,000 in spite of purportedly higher-than-expected claims rate). Plaintiffs further dismissed Frank's objection as "meritless." *Id.* at 2 n.5. Plaintiffs promised to "respond to the two objections in the memorandum in support of [plaintiffs'] motion for final approval." *Id.* Instead, following the statement of interest of the Department of Justice, which raised some of the same issues Frank identified (Dkt. 103), the settling parties continued the final approval hearing (Dkt. 104) and then amended their settlement to moot each of Frank's objections.

In filing their amended settlement agreement, the parties have comprehensively addressed Frank's objections. First, the parties moved to continue the hearing and extend the deadline for objections to April 23—after the fee motion and motion for final approval. Dkt. 106. The amended agreement eliminates the dubious "free cookies to third parties" component of the settlement and instead provides additional cash so that all cash claimants receive at least $20 with sufficient funds to avoid reducing payments *pro rata*. Dkt. 110-2 at 3-4. The attorneys' fee request was also reduced to $455,000, making the request proportional to direct class benefit. *Id.* at 5.[1] Furthermore, the parties restructure thed fee request so that any money not awarded to class counsel redounds to the class—not to defendant, eliminating the kicker. *Id.* at 5. Finally, class counsel has provided the court (and the class) with the unaudited current claims data from the settlement administrator and has posted these

---

[1] The dramatic and appropriate reduction of attorneys' fees proves the accuracy of Frank's objection: the original settlement, supposedly worth $5 million, was in fact mostly a marketing program from which class counsel hoped to earn a commission. This is why the defendant, in exchange for eliminating $2.85 million dollars of imaginary "free cookies" value, only chips in about $460,000 additional cash. The "free cookies" were a marketing program to defendant, not genuine class relief.

filings to the settlement website.[2] The amended settlement agreement thus eliminates the flaws Frank identified in his objection to the originally-proposed settlement.

Frank intends to file a motion for award of attorneys' fees once a final accounting of the settlement distribution is available, and intends to seek fees out of class counsel's fee award. *See In re Southwest Airlines Voucher Litig.*, 898 F.3d 740, 744 (7th Cir. 2018).

Dated: April 23, 2019.

/s/ M.Frank Bednarz
M. Frank Bednarz, (ARDC No. 6299073)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1145 E. Hyde Park Blvd. Apt. 3A
Chicago, IL 60615
Phone: (202) 448-8742
Email: frank.bednarz@hlli.com

*Attorneys for Theodore H. Frank*

---

[2] That said, the settlement homepage (https://www.llcookiesettlement.com) still suggest a January 29 objection deadline without qualification. Class members who do not dig in to the recent lengthy filings would not realize the objection deadline was extended to April 23.

## CERTIFICATE OF SERVICE

    The undersigned certifies he electronically filed the foregoing Objection via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally, he caused to be delivered a courtesy copy of the foregoing to:

    Hon. Robert W. Gettleman
    United States District Court for the Northern District of Illinois
    Eastern Division
    Everett McKinley Dirksen United States Courthouse
    219 South Dearborn Street
    Chambers 1788
    Chicago, IL 60604


Dated: April 23, 2019.                                  /s/ M. Frank Bednarz