IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| LORI COWEN et al., | ) |
| Plaintiffs, | ) Case No.: 1:17-cv-01530 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| LENNY & LARRY'S, INC., | ) |
| | ) Magistrate Young B. Kim |
| Defendant. | ) |

[PROPOSED] ORDER APPROVING

FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL WITH

PREJUDICE

4823-5498-3825.v1

After a hearing held before this Court on May 2, 2019, pursuant to the Court's order granting preliminary approval of class action settlement, approval of proposed form of notice, and preliminary certification of settlement class (the "Preliminary Approval Order") of November 1, 2018, upon an Amended Settlement Agreement dated April 2, 2019, and the Parties' Motion for Final Settlement Approval, it appearing that due notice of said hearing has been given and that said notice was adequate and sufficient; the represented parties having appeared by their attorneys of record; an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and having considered the terms of the proposed amended Settlement, a copies of which have been submitted to the Court; and having considered all of the submissions and arguments with respect to the Settlement, the Court HEREBY ORDERS, ADJUDGES, AND DECREES:

1. This Final Judgment and Order of Dismissal incorporates herein and makes a part hereof, the amended settlement agreement ("Agreement"). Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings for purposes of this Final Judgment and Order of Dismissal.

2. This Court has jurisdiction over the subject matter of the above captioned litigation ("Action") pursuant to 28 U.S.C. § 1332, and all acts within the Action, and over all the parties to the Action, and all members of the proposed settlement class.

3. Based on the record before the Court, including all submissions in support of the final approval motion, objections, and responses thereto, as well as the Agreement, this Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and the proposed Settlement. The Settlement Class is certified under the applicable provisions of Federal Rule of Civil Procedure 23(a) and 23(b)(3). Specifically, this Court finds that, with regard to the proposed Settlement Class, Rule 23(a) is satisfied in that (1) the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class; (3) Plaintiffs' claims are typical of the claims of members of the Settlement

1

Class; and (4) Settlement Class Counsel and the Class Representatives have fairly and adequately protected the interests of the Settlement Class. Furthermore, with regard to the proposed Settlement Class, Rule 23(b)(3) is satisfied in that issues of law and fact that are common to the Settlement Class predominate over those affecting individual Settlement Class members and a class action is the superior method to adjudicate these claims. The Actions are permanently certified as a class action on behalf of the following persons (the "Settlement Class"):

> All United States resident consumers who purchased one or more of Lenny & Larry's The Complete Cookie or other Lenny & Larry's baked goods products at a retail establishment or online any time up to January 29, 2019.

This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Defendant that the Actions, or any other proposed or certified class action, is appropriate for any other purpose, including, without limitation, for trial class treatment. Entry of this Order is without prejudice to the rights of Defendant to (a) oppose certification in the Action, and seek decertification or modification of the Settlement Class as certified, should the Settlement not be approved or implemented for any reason; or (b) terminate the Agreement as provided in the Agreement. The persons identified on the list submitted to the Court as having timely and properly opted out from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and they shall not be entitled to any of the monetary benefits afforded to the Settlement Class under the Agreement.

4. Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the elements specified by the Court in the preliminary approval order. Adequate notice of the amended settlement and the final approval hearing has also been given. Such notice informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a means to obtain additional information; was adequate notice under the circumstances; was valid, due, and sufficient notice to all Settlement Class members; and complied fully with the

4823-5498-3825.v1

laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.

5. A full opportunity was afforded to the Settlement Class Members to participate in, comment on, Opt Out and/or object to the Settlement, notice, and claims procedure. A list of those Members of the Settlement Class who have timely elected to Opt Out of the Settlement and the Settlement Class and who therefore are not bound by the Settlement, the provisions of the Settlement Agreement, this Order, and the Judgment to be entered by the Clerk of Court hereon, has been submitted to the Court as Exhibit 10 to the declaration of the Claims Administrator filed on April 2, 2019. All other members of the Settlement Class shall be subject to the all of the provisions of the Settlement, this Order, and the Judgment to be entered by the Clerk of Court.

6. For purposes of the Settlement only, the Plaintiffs are certified as representatives ("Class Representatives") of the Class and Plaintiffs' Counsel is appointed counsel to the Settlement Class. The Court concludes that Plaintiffs' Counsel and the Class Representatives have fairly and adequately represented the Settlement Class with respect to the Settlement and the Agreement. Notwithstanding the certification of the Settlement Class and appointment of Class Representatives for purposes of effecting the Settlement, if this Order is reversed on appeal or the Agreement is terminated in accordance with the provisions of the Agreement, the foregoing certification of the Settlement Class and appointment of Class Representatives shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of the Preliminary Approval Order, without prejudice to any legal argument that any of the parties to the Agreement might have asserted but for the Agreement.

7. ~~The Court has considered the objections to the settlement and overrules them.~~ *[initialed]*

8. The Settlement, as provided for in the Agreement, is in all respects fair, reasonable, adequate, and proper and in the best interests of the Settlement Class. In reaching this conclusion, the Court has considered a number of factors, including: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Settlement Class to the

settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the Defendant to withstand a greater judgment; (8) the range of reasonableness of the Settlement Fund in light of the best possible recovery; and (9) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation. *See Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996).

9. The Court finds that the Settlement has been made in good faith, according to the terms of Federal Rule of Civil Procedure 23.

10. Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval to the Settlement and has found that the Settlement, including the plan for allocation of the Settlement Fund to Settlement Class that make timely and valid claims for reimbursement, is fair, reasonable and adequate, and in the best interests of the Settlement Class as a whole. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the terms and provisions of the Agreement, as well as the terms and provisions hereof.

11. The Plaintiffs and each of the Settlement Class Members who are not Opt-Outs have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and covenanted not to sue the Released Parties on the Released Claims.

12. With respect to the Released Claims, Plaintiffs and each of the Settlement Class Members who are not Opt-Outs have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

13. Plaintiffs and Settlement Class Members who are not Opt-Outs have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United

States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code as to the Released Parties. The aforementioned Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which, he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and each Settlement Class Member, has fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future against the Released Parties, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the foregoing waiver was bargained for and is a key element of the settlement of which this release is a part.

14. All of the Released claims at issue by the Class Representatives and all Settlement Class Members against Defendant are dismissed with prejudice, provided however that the claims of those Settlement Class Members who elected to opt out of the Settlement Class are dismissed without prejudice. The Court finds that there is no just reason for the delay in entering this Judgment dismissing the Actions with prejudice as to Defendant and that entry of the Judgment to that effect, as directed below, is warranted under Rule 54(b) of the Federal Rules of Civil Procedure.

15. All Released Claims, as described in this Judgment or in the Agreement, currently being asserted by or on behalf of any Class Member in any forum are hereby permanently enjoined, except as may be necessary to implement the settlement or comply with the terms of the Agreement. Neither Plaintiffs nor any Class Member, either directly, representatively or in any other capacity, nor any person or entity allegedly acting on behalf of Plaintiffs or Class Members shall commence or prosecute against Defendant, or against any of the other Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims

as described in the Agreement, provided, however, that this injunction shall not apply to Class Members that are Opt-Outs who timely excluded themselves from the Settlement. This injunction is necessary to protect and effectuate the settlement, this Final Judgment and Order of Dismissal With Prejudice, and the Court's flexibility and authority to effectuate this settlement and to preserve Judgment and is ordered in aid of the Court's jurisdiction and to protect its judgments.

16. In consideration for the releases by Plaintiffs and Class Members who have not opted out, Defendant shall pay the valid and timely claims submitted as follows: For valid claims without receipts, Defendant shall pay $14.60 per claim for cash claims, and will provide one box of 12 cookies to each claimant who requested cookies. For valid claims submitted with receipts seeking cash, Defendant shall pay a minimum of $20 per claim, up to a maximum of $50 per claim where such higher amount is supported by proof of purchase in like amount. For valid claims submitted with proof of purchase seeking cookies, Defendant shall provide each claimant with free cookies with a retail value of at least $22 and up to $35 as supported by proof of purchase, with such values including shipping and handling. Subject to the final accounting by the Settlement Administrator, and within 60 days after Final Settlement Approval, Defendant shall pay an amount not to exceed $889,867.17 for the valid cash claims, and up to $300,000 in free cookies supported by valid claims for cookies. In addition, Defendant shall pay the cost of claims administration not to exceed $667,132.83, including amounts already paid, and subject to Court approval, an amount not to exceed $455,000 for Plaintiffs' Incentive Awards and for such attorneys' fees and costs as approved by the Court. The aggregate maximum of these amounts is $2,312,000, and is the Settlement Payment. The Settlement Payment represents the entire amount Defendant will pay in consideration for the settlement of the Litigation, and the entire amount of the Settlement Payment shall be distributed as set forth herein. The Settlement Class shall not receive anything further from Defendant, whether for payment of attorneys' fees and costs, costs of administration, notice, any participation awards to any named plaintiff, or otherwise.

4823-5498-3825.v1

17.     For Plaintiffs' efforts on behalf of the Settlement Class, Plaintiffs may be paid an incentive award from the Settlement Payment in the amount of $1,500.00 each, in addition to any settlement payment as a result of an approved claim pursuant to the settlement Agreement. Such award will be paid from the Settlement Payment (in the form of a check to the class representatives that is sent care of Class Counsel) within 60 days after Final Settlement Approval.

18.     Plaintiffs, Settlement Class members who have not opted-out, and Defendant, are ordered to effectuate the terms of the Agreement.

19.     Without affecting the finality of this Judgment in any way, this court will retain jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Judgment, the Stipulated Injunction, the Agreement and the settlement.

Dated: May 2, 2019

_____
Hon. Robert W. Gettleman
U.S. District Court Judge