UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI COWEN, et al., | Case No. 1:17-CV-01530 |
| Plaintiff, | Judge Robert W. Gettleman |
| vs. | Magistrate Young B. Kim |
| LENNY & LARRY'S, INC., | |
| Defendant. | |

### [~~PROPOSED~~] ORDER GRANTING AMENDED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Upon considering the Amended Motion for Attorneys' Fees, Costs, and Service Awards seeking approval of attorneys' fees in the amount of $410,101.38, reimbursement of litigation expenses totaling $37,398.62, and payment of service awards to the named Plaintiffs in the amount of $1,500 each, the Settlement Agreement ("Original Settlement," on file with the Court as Appendix 1 to the Memorandum in Support of Preliminary Approval of Class Action Settlement (Dkt. 94)), the Amendment to Settlement Agreement ("Amended Settlement," filed as Appendix 2 to the Memorandum in Support of Final Approval of Class Action Settlement), and the memorandum and exhibits submitted in support of this motion, and on considering the record of these proceedings, the representations, argument, and recommendation of counsel, and the requirements of law at a hearing held on the 2nd of May 2019,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion is **GRANTED.**

1. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District.

3. Capitalized terms shall have the meaning given in the Original Settlement unless otherwise modified in the Amended Settlement.

4. In light of the length and complexity of this litigation, the work performed by Class Counsel, as well as the successful outcome for the Settlement Class, this Court finds the requested attorneys' fees and costs to be fair and reasonable.

5. The Amended Settlement provides a benefit to the Settlement Class of $1,189,867.17 comprised of $889,867.17 in cash and $300,000 in free The Complete Cookies at retail value.

6. The relief provided to the Settlement Class is meaningful and adequately addresses the alleged problem.

7. Following an agreement on the Amended Settlement's material terms, the parties negotiated and agreed upon attorneys' fees and costs. Defendant has agreed to pay attorneys' fees, expenses, and named Plaintiff incentive awards, subject to Court approval, up to four-hundred-and-fifty-five-thousand dollars ($455,000), with any remaining amount not so awarded by the Court to be distributed on a *pro rata* basis to cash claimants. Class Counsel requested approval of $410,101.38 in attorneys' fees and $37,398.62 in out-of-pocket expenses. The effectiveness of the Amended Settlement and the releases are not contingent upon the Court's approval of attorneys' fees or the amount of the attorneys' fees approved by the Court.

8. Additionally, as part of the Amended Settlement, Defendant has agreed to pay a service award to each named Plaintiff, subject to Court approval, in an amount up to $1,500 each, for a total of $7,500.

9. The Settlement Class reaction to the settlement has been overwhelmingly positive. As of

the deadline for claims submissions, the Claims Administrator received 66,647 valid claim forms. Additionally, as of the January 29, 2019 deadline for objections to the settlement and requests to be excluded from the Original Settlement, there were only two objections and twenty-two requests for exclusion. These objections represent only a small percentage of the Settlement Class Members to receive direct notice of the Original Settlement.

10. The Court finds all the objections relating to the proposed award of attorneys' fees and costs to be without merit, and hereby overrules all such objections.

11. Given that the Amended Settlement provides for an aggregate amount of $1,644,867.17 to be divided between the Settlement Class and Class Counsel,[1] the Court finds the percentage-of-recovery method to be the most appropriate and equitable method for measuring the reasonableness of attorneys' fees under the circumstances in this case.

12. The requested 26% of the aggregate amount to be divided between the Settlement Class and Class Counsel, after subtracting Class Counsel's request for expenses and named Plaintiff incentive awards,[2] is reasonable and consistent with the amount courts in this Circuit typically award under the percentage-of-recovery method.

13. The Court also finds that Class Counsel's fee request is supported by a lodestar cross-check. The Court has reviewed Class Counsel's submissions and finds that their hours are reasonable. Class Counsel was required to expend significant time and resources to litigate the case and achieve a favorable outcome. Class Counsel developed the legal and factual

---

[1] Calculated as the sum of $889,867.17 for cash claimants, $300,000 in free The Complete Cookies at retail value, and $455,000 in requested attorneys' fees, expenses, and named Plaintiff incentive awards.

[2] "The ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman v. Radioshack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). Settlement Class Members and Class Counsel will divide an aggregate amount of $1,599,968.55 ($410,101.38 in requested attorneys' fees plus $1,189,867.17 in cash and free product relief). $410,101.38 divided by $1,599,968.55 equals 25.6%.

3

claims in the case and opposed Defendant's motions to dismiss and to strike the class allegations. The parties also engaged in preliminary fact discovery, attended mediation with a retired federal judge, and engaged in arm's-length settlement negotiations over the course of several months. All this work was necessary to achieve the successful result that was ultimately obtained for the Settlement Class. In addition, given the needs of the case, Class Counsel efficiently staffed this matter.

14. Class Counsel's hourly rates are also reasonable. The rates identified by Barbat, Mansour & Suciu PLLC, Wasserman Law Group, and Wexler Wallace LLP are the same rates they charge to fee-paying clients in non-contingent matters and/or class action matters. The firms' customary rates have also been approved by courts in class actions throughout the country. Finally, courts in this Circuit have approved hourly rates equal to or greater than those identified here.

15. Accordingly, this Court finds that Class Counsel's reported lodestar of $833,336.10 is reasonable. As such, Class Counsel's request for approval of $410,101.38 in attorneys' fees represents only 49% of their lodestar and is reasonable. Class Counsel is awarded $410,101.38 in attorneys' fees.

16. The Court also awards Class Counsel $37,398.62 for their expenses. The expenses for which Class Counsel seeks reimbursement include laboratory testing for nutritional content, filing fees, travel, and legal research. These types of expenses are regularly approved. The Court further finds the amount requested to be reasonable.

17. Lastly, each of the named Plaintiffs is awarded a service award in the amount of $1,500. Their actions, input, and participation have conferred a significant benefit on the Settlement Class. These efforts included assisting in providing information and evidence for the

4

complaints and otherwise working with Class Counsel in prosecuting this action. Courts in this circuit have approved service awards for similar participation. A $1,500 service award is appropriate.

18. Lenny & Larry's shall pay Class Counsel's attorneys' fees and expenses, in accordance with this Order, within thirty (30) business days of Final Settlement Approval.

19. Lenny & Larry's shall pay the service awards to named Plaintiffs Lori Cowen, Rochelle Ibarrola, Ava Adames, Amanda Wells, and Barbara Whalen, in accordance with this Order, within thirty (30) business days of Final Settlement Approval.

IT IS SO ORDERED.

Dated: May 2, 2019

/s/ Robert W. Gettleman
Honorable Robert W. Gettleman
United States District Court
Northern District of Illinois

5